**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GURWINDER SINGH,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-72875

Agency No. A079-611-520

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Gurwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Singh's request
for oral argument is denied.

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility determinations. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

Boota Singh Basi and his business partner prepared Singh's asylum application. The agency found Singh's application to be a blatant fabrication, based on Basi's testimony that he made up Singh's claim, and the government's submission of an unrelated application Basi prepared and filed four months prior to Singh's, which was nearly identical in content and form. Substantial evidence supports the agency's adverse credibility determination. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (fraudulent documents going to the heart of claim may justify adverse credibility determination); *see also Fernandes v. Holder*, 619 F.3d 1069, 1075 (9th Cir. 2010) (adverse credibility determination was supported by substantial evidence based, in part, on Boota Singh Basi's testimony that every application he filed was false). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Singh's CAT claim fails because it is based on the same statements found not credible, and he does not point to any other evidence that shows it is more

likely than not he would be tortured if returned to India.  *See id*. at 1156-57.

We lack jurisdiction to consider Singh's contention that the IJ failed to consider and weigh all the evidence he provided, because he did not raise this claim to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 647, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**